UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN QUINTON T.,

       Plaintiff,

  -v-                                                1:19-CV-154

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                     OF COUNSEL:

SEAN QUINTON T.
Plaintiff, Pro Se
P.O. Box 53
Napanoch, NY 12458

OFFICE OF REGIONAL GENERAL COUNSEL    ANDREEA L. LECHLEITNER, ESQ.
   SOCIAL SECURITY ADMINISTRATION        Special Ass't United States Attorney
   REGION II
Attorneys for Defendant
26 Federal Plaza, Room 3904
New York, NY 10019

DAVID N. HURD
United States District Judge

## **MEMORANDUM–DECISION and ORDER**

## I. **INTRODUCTION**

On February 7, 2019, *pro se* plaintiff Sean Quinton T.[1] ("Sean" or "plaintiff") filed this

action seeking review of defendant Commissioner of Social Security's ("Commissioner" or

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be used in this opinion.

"defendant") final decision denying his application for Disability Insurance Benefits ("DIB").

The Commissioner filed the Administrative Record on Appeal on March 20, 2019. However, on April 17, 2019, defendant informed the Court it had been unable to mail Sean a copy of the record because (1) mail sent to his address on file repeatedly came back as "undeliverable" and (2) plaintiff would not return phone calls or messages from defendant's counsel. *See* Dkt. No. 10.

Thereafter, the Court issued an Order directing Sean to file a status report on or before May 6, 2019 advising whether or not he intended to proceed with this case. The Order warned plaintiff that his failure to comply with Court rules, including the requirement that he "immediately notify the Court of any change of address," could result in the dismissal of his action.

On April 23, 2019, Sean telephoned the Court to explain that "he ha[d] been out of town and just received all of his mail." In that call, plaintiff (1) assured the Court that his listed address was accurate; (2) indicated his desire to move forward with this appeal; and (3) requested an extension of time to file his supporting brief. U.S. Magistrate Judge David E. Peebles granted plaintiff an extension by text order later that day. Dkt. No. 12. At that time, plaintiff had until June 7, 2019 to file his brief. *Id*.

That date came and went. On June 11, 2019, Sean again telephoned the Court to request another extension of time. Judge Peebles granted plaintiff's request, giving him until July 7, 2019 to file his brief. Dkt. No. 13. At that time, Judge Peebles warned plaintiff that it would be the final extension of this deadline. *Id*.

Shortly after the twice-modified deadline expired, the Court received from Sean a short letter, entitled "brief," which the Clerk of the Court has construed as plaintiff's brief in

support of his appeal. Dkt. No. 15. The Commissioner has since filed his brief in opposition as well. Dkt. No. 16. Accordingly, the motions will be considered on the basis of these submissions without oral argument.[2]

## II. **BACKGROUND**

On October 29, 2013, Sean filed an application for DIB alleging that problems with his neck, lumbar back, and cervical spine caused a "prick[l]ing feeling in [his] finger tips" and "radiating pain down [his] legs" and that his migraines and "[post-traumatic stress disorder]/anxiety/depression" caused him to have trouble focusing and to suffer from balance issues and memory loss. R. at 108-09.[3] Plaintiff's application for benefits alleged that these impairments rendered him disabled beginning on March 25, 2010. *Id*. Plaintiff's benefits claim was initially denied on February 4, 2014. *Id*. at 169-80.

At Sean's request, a video hearing was held before Administrative Law Judge ("ALJ") Brian Lemoine on January 20, 2016. R. at 34-65. Plaintiff, represented by attorney Noreen Tuller, appeared and testified. *Id*. The ALJ also heard testimony from Vocational Expert ("VE") Sugi Komarav. *Id*.

Thereafter, the ALJ issued a written decision denying Sean's application for benefits from March 31, 2012 through December 31, 2013, the expiration date of plaintiff's insured status.[4] R. at 133-41 (ALJ decision dated January 28, 2016).

However, on March 31, 2017, the Appeals Council remanded Sean's claim for another

---

[2] Pursuant to General Order No. 18, consideration of this matter will proceed as if both parties had accompanied their briefs with a motion for judgment on the pleadings.

[3] Citations to "R." refer to the Administrative Record. Dkt. No. 9.

[4] Sean's attorney amended his onset date at the hearing after a different ALJ issued an unfavorable decision running through March 30, 2012. R. at 36-37.

- 3 -

hearing. R. at 147-50. In its decision granting vacatur of the ALJ's decision and directing remand, the Appeals Council concluded the ALJ had improperly (1) rejected the consultative examiner opinions of Lauren Stack, Ph.D, and Gilbert Jenouri, M.D. and (2) found plaintiff's vestibular disorder to be a non-severe impairment at step two. *Id*. at 149-50. The Appeals Council directed the ALJ to cure these deficiencies and to take certain other additional steps necessary to provide a full and fair hearing on plaintiff's benefits claim. *Id*. at 150.

On December 8, 2017, ALJ Lemoine held a new video hearing on Sean's benefits claim. R. at 68-105. Although Robin D'Amore, plaintiff's new attorney, appeared at the hearing, plaintiff initially failed to do so. *Id*. at 68-80. After a brief on-the-record colloquy with the ALJ about plaintiff's likely whereabouts and whether the hearing should go forward in his absence, the ALJ heard vocational testimony from VE Esperanza DiStefano. *Id*. About twenty-five minutes into the proceeding, plaintiff arrived and the ALJ heard additional testimony from him. *Id*. at 80-105.

Thereafter, the ALJ issued another decision denying Sean's application for benefits through December 31, 2013, the expiration date of plaintiff's insured status. R. at 13-24. This decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's renewed request for review. *Id*. at 1-4.

### III. DISCUSSION

#### A. Standard of Review

A court's review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence and the correct legal standards were applied. *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

If the Commissioner's disability determination is supported by substantial evidence, that determination is conclusive. *See Williams*, 859 F.2d at 258. Indeed, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's decision must be upheld—even if the court's independent review of the evidence may differ from the Commissioner's. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

## B. Disability Determination—The Five-Step Evaluation Process

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the Act requires

that a claimant's:

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id*. § 423(d)(2)(A).

The ALJ must follow a five-step evaluation process in deciding whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ must determine whether the claimant has engaged in substantial gainful activity. A claimant engaged in substantial gainful activity is not disabled, and is therefore not entitled to benefits. *Id*. §§ 404.1520(b), 416.920(b).

If the claimant has not engaged in substantial gainful activity, then step two requires the ALJ to determine whether the claimant has a severe impairment or combination of impairments which significantly restricts his physical or mental ability to perform basic work activities. *Id*. §§ 404.1520©), 416.920©).

If the claimant is found to suffer from a severe impairment or combination of impairments, then step three requires the ALJ to determine whether, based solely on medical evidence, the impairment or combination of impairments meets or equals an impairment listed in Appendix 1 of the regulations (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d); *see also id.* Pt. 404, Subpt. P, App. 1. If the claimant's impairment or combination of impairments meets one or more of the Listings, then the claimant is "presumptively disabled." *Martone*, 70 F. Supp. 2d at 149 (citing *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984)).

If the claimant is not presumptively disabled, step four requires the ALJ to assess

whether—despite the claimant's severe impairment—he has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The burden of proof with regard to these first four steps is on the claimant. *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (citing *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

If it is determined that the claimant cannot perform his past relevant work, the burden shifts to the Commissioner for step five. *Perez*, 77 F.3d at 46. This step requires the ALJ to examine whether the claimant can do any type of work. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The regulations provide that factors such as a claimant's age, physical ability, education, and previous work experience should be evaluated to determine whether a claimant retains the RFC to perform work in any of five categories of jobs: very heavy, heavy, medium, light, and sedentary. *Perez*, 77 F.3d at 46 (citing 20 C.F.R. § 404, Subpt. P, App. 2).

"[T]he Commissioner need only show that there is work in the national economy that the claimant can do; [she] need not provide additional evidence of the claimant's residual functional capacity." *Poupore*, 566 F.3d at 306 (citing 20 C.F.R. § 404.1560(c)(2)).

### C. ALJ's Decision

On remand, the ALJ applied the five-step disability determination to find that: (1) Sean had not engaged in substantial gainful activity between March 31, 2012, the amended onset date, and December 31, 2013, the date his insured status expired; (2) plaintiff's vestibular disorder, degenerative disc disease of the cervical and lumbar spine, major depression, panic disorder, and history of attention deficit disorder were severe

impairments within the meaning of the Regulations; and that (3) these impairments, whether considered individually or in combination, did not meet or equal any of the Listings. R. at 15-16.

At step four, the ALJ determined that Sean's impairments caused both exertional and non-exertional limitations. R. at 18-23. In particular, the ALJ found that plaintiff retained the RFC to:

> perform light work . . . except he can perform occasional crouching, crawling, kneeling, stopping, balancing and climbing stairs. He is limited to simple, routine and repetitive tasks in an environment with no more than occasional interaction with coworkers and the general public.

*Id*. at 18.

The ALJ determined that these limitations precluded Sean from performing his past relevant work as a customer service representative, teller, insurance clerk, sales clerk, janitor, and as a school bus driver. R. at 23. However, the ALJ found that plaintiff's RFC, considered together with his age, education, and work experience, still allowed him to perform the job duties of a "marker," a "photocopying machine operator," and an "electrical equipment assembler." *Id*. at 24.

Because these jobs fit in with Sean's assessed limitations and were present in sufficient numbers in the national economy, the ALJ concluded plaintiff was not disabled during the relevant time period. R. at 24. Accordingly, the ALJ denied plaintiff's application for benefits. *Id*.

### D. Sean's Appeal

Sean's letter brief states only that:

> Due to my many physical and mental ailments and not having any

> legal representation. It is very difficult to write the proper legal brief
> that would explain my case in a beneficial way. Therefore, I ask the
> court for leniency in this ongoing painful time.

Pl.'s Mem., Dkt. No. 15.

Because he is proceeding *pro se*, the Court has independently scrutinized the ALJ's second written decision to ensure that it complies with the remand order from the Appeals Council. *See, e.g.*, *Forjone v. N.Y. State Dep't of Motor Vehicles*, –F. Supp. 3d–, 2019 WL 5684437, at *3 (N.D.N.Y. Nov. 1, 2019) (discussing principles of special solicitude afforded to parties seeking relief without the benefit of an attorney). The Court has also reviewed the Commissioner's brief in support of affirmance.

Unfortunately, though, Sean's single-paragraph letter brief does not give an indication of what, if any, errors he believes the ALJ committed on remand. In the absence of any additional guidance from the claimant, the Court has nevertheless done its best to examine, within the confines of the fairly deferential standard of review appropriate in the Social Security setting, whether there is any reason to second-guess the findings and conclusions memorialized in the ALJ's second written decision. R. at 13-24.

Because no grounds for reversal or remand are apparent from the record and the Commissioner's brief sets forth a persuasive argument in favor of affirmance, defendant's final decision denying Sean's claim for benefits will be affirmed.

## IV. <u>CONCLUSION</u>

The ALJ applied the appropriate legal standards and supported his written decision with substantial evidence in the record.

Therefore, it is

ORDERED that

1. Sean's motion for judgment on the pleadings is DENIED;

2. The Commissioner's motion for judgment on the pleadings is GRANTED;

3. The Commissioner's decision is AFFIRMED; and

4. Sean's complaint is DISMISSED.

The Clerk of the Court is directed to enter a judgment accordingly and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 7, 2019
   Utica, New York.